## PRINCIPE v. ARTURO LLUBERAS Y SOBRINOS.

### Civ. No. 2956.

District Court, Puerto Rico.

Feb. 25, 1943.

Antonio V. Acosta, of Ponce, Puerto Rico, Juan A. Faria, of San Juan, Puerto Rico, Frank Torres, of Ponce, Puerto Rico, for plaintiffs.

Jose Sabater, of Mayaguez, Puerto Rico, for defendant.

COOPER, District Judge.

This case was tried before me in Ponce without a jury on February 10, 1943. The complaint alleges that the wife of plaintiff was employed "in her professional capacity as a nurse" by the defendant from December 9, 1938 to the date of the filing of the complaint. The plaintiff seeks a recovery for balance due for the period from December 9, 1938 to the 7th day of January, 1942. The complainant asks for judgment against the defendant in the sum of $1,503.80 plus an additional equal amount as liquidated damages.

The defendant by its answer denies that plaintiff is entitled to recover the amount claimed. On the contrary, the answer sets out in detail the hours worked from December 1938 to December 27, 1941 and states that the plaintiff would be entitled now to recover only the sum of $406.80 assuming the applicability of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The defendant by its answer consents to judgment in favor of plaintiff for the sum of $406.80.

While the answer consents to judgment, defendant's counsel, without asking that the answer be amended, both in oral argument and in a brief now insists that plaintiff should recover nothing because his

wife, Susana Jacome, was employed by defendant in her professional capacity and that she is not within the provisions of the Fair Labor Standards Act. The testimony in this case shows beyond question that the plaintiff as alleged in the complaint was employed in her professional capacity as a nurse. She testified that she studied during three years; that she passed an examination before a Board and that she was and is duly licensed to practise her profession in Puerto Rico. The work which she performed for the defendant was the work of a trained licensed nurse. The law of Puerto Rico requiring centrals to employ physicians and nurses provides that the nurse to be employed must be a registered nurse. The employment of any person not so registered would not be a compliance with the terms of the Act. Plaintiff's wife at no time, so far as the allegations of the complaint and the testimony show, performed any work usually performed by a non-exempt employee. The language of the Act excludes from its provisions any person employed in a professional capacity. I do not overlook the provisions of the Interpretative Bulletin by the Administrator in December 1940. While the interpretation of the Act by the Administrator is not binding on the Court it is entitled to very serious consideration.

▎ Accepting this Interpretative Bulletin as being authorized by the Act of Congress and as being a proper interpretation of the Act, one is forced to the conclusion that plaintiff's wife in the instant case may not recover anything. Her work for defendant, as appears from her testimony, was predominantly intellectual as opposed to routine mental, manual, mechanical, or physical work; it requires consistent exercise of discretion and judgment; it is of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time. As already stated she did not give any time to work usually performed by non-exempt employees. Plaintiff's wife's profession requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes. Subsection B is not applicable to the instant case for the reason that plaintiff's wife is the holder of a valid license or certificate permitting the practice of a branch of medicine. It cannot be denied that the practice of a professional nurse is comprehended within the term "branches of medicine".

I have reached the conclusion that the plaintiff is not entitled to recover in this case somewhat reluctantly. Apparently the defendant was willing to pay the amount stated in its answer. I hope I may with propriety suggest that my conclusion may not result in the withdrawal of the offer of $406.80 to the plaintiff. I suggest this because I think the compensation paid was much less than the services rendered would ordinarily warrant.

The fact that plaintiff's wife worked exclusively for the defendant and not the general public would not in any degree affect the character of the work performed. She alleges that she was employed in her professional capacity and all the work that she performed shows that she was throughout the period involved working as a registered nurse. The amount paid as compensation does not change the character of the work performed or of the professional status of the employee.

The result of my conclusion is that this court is without jurisdiction of this case and the complaint must be dismissed. It is so ordered.